

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Lon Alsup
State Commission for the Blind
Land Office Building
Austin 14, Texas

Dear Sir:

Opinion No. 0-6465
Re: Whether or not there exists two distinct divisions of government as far as the Vocational Rehabilitation Division of the State Board for Vocational Education and the Crippled Children's Division of the State Department of Education are concerned.

We are in receipt of your letter of March 8, 1945, requesting the opinion of this department upon the captioned subject.

This department, in Opinion No. 0-5716, ruled that the State Board of Education and the State Department of Education, as those terms are generally understood, are two separate entities of government. It was further ruled therein that Vocational Division is not a part of the State Department of Education, but is an entity of the State Department of Vocational Education. We deem it important to keep these distinctions in mind throughout this opinion.

Article 2675-1, Vernon's Annotated Civil Statutes of Texas, provides in part as follows:

"Sec. 1.  The Legislature of Texas does hereby accept the provisions and benefits of an Act of Congress passed June 2, 1920, amended June 5, 1924, entitled:  'An Act to provide for the promotion of Vocational Rehabilitation of persons disabled in industry or otherwise, and their return to civil employment.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Lon Alsup, page 2

"Sec. 2. The Treasurer of Texas be, and he is hereby authorized and empowered to receive the funds appropriated under said Act of Congress, and is authorized to make disbursements therefrom upon the order of the State Board for Vocational Education. The State Board of Vocational Education is empowered and instructed to co-operate with the terms and conditions expressed in the Act of Congress aforesaid.

"Sec. 2-a. The Vocational Rehabilitation Division, through the Supervisor of Rehabilitation, is authorized to receive gifts and donations for rehabilitation work, said gifts and donations to be deposited by the Supervisor of Rehabilitation in the State Treasury, subject to the matching of same with Federal Funds up to such amount as the Federal Government may allocate per biennium to the State for said work, and which has not already been met with state appropriations for said biennium.

". . . ." (Emphasis ours)

It is evident from reading the above article that the Vocational Rehabilitation Division is a part of the State Board of Vocational Education.

Article 2675j, Vernon's Annotated Civil Statutes of Texas, reads in part as follows:

"Sec. 1. That there is hereby created in the Rehabilitation Division of the State Department of Education, a physical restoration service for crippled children under twenty-one years of age. This service shall make provision for locating, examining and physically restoring crippled children of the State as hereinafter provided.

". . . .

"Sec. 3. The Rehabilitation Division of the State Department of Education is empowered to take

Honorable Lon Alsup, page 3

census, make surveys, and establish permanent records of crippled children; to cooperate with the Department of Education in providing special equipment and instruction in the education of crippled children, to procure medical and surgical service for crippled children; provided that only physicians legally qualified to practice medicine and surgery in Texas be employed for purposes of diagnosis and treatment; provided further, however, that for crippled children having defects of the oral cavity, legally qualified dentists may be employed for purposes of diagnosis and treatment; that not more than the customary minimum fees be paid for such services, and that physicians, dentists, or surgeons so employed shall be approved by the State Board of Health as qualified to render such service; to select and designate hospitals for the care of crippled children contemplated by this Act providing that such hospital must be approved by the State Board of Control, and to take such other steps as may be necessary in order to accomplish the purposes of this Act.

"At the discretion of the State Department of Education, transportation, appliances, braces, and material necessary in the proper handling of crippled children may be in part or entirely provided.

"The Rehabilitation Division of the State Department of Education is directed to provide in Rules and Regulations, the necessary details for the conduct of this work, in accordance with the purposes of this Act, which shall permit as far as possible, the free choice of patients in their selection of physicians and hospitals, and shall arrange with hospitals, brace departments, and other services providing for crippled children's work, compensation for such services, provided that such fees or charges shall not exceed the average minumum charges for the same services rendered to average ward patients in the hospitals

Honorable Lon Alsup, page 4

approved for purpose of this Act, such Rules and Regulations shall be approved by the State Department of Education.

"Sec. 4. That no child shall be entitled to the care and treatment provided in this Act unless the county judge of the county in which said child resides shall certify to the Rehabilitation Division of the State Department of Education upon sworn petition of the parents of said child, or persons standing in loco parentis, proven to the satisfaction of said judge, that the parents of said child, or persons standing in loco parentis, are financially unable to provide for said care and treatment.

"That children whose parents, or those in loco parentis are financially able to pay in part for such treatment and care may be provided for by the Rehabilitation Division under such rules and regulations as may be prescribed by the Department of Education.

". . . .

"Sec. 5. The State Department of Education is authorized to employ a special supervisor who shall carry out the provisions of this Act under the direction of the State Supervisor of Vocational Rehabilitation. The State Department of Education is further authorized to make such rules, regulations and policies as are necessary to carry out the provisions of this Act, and to secure such clerical assistance, equipment and supplies as are needed.

". . . .

"Sec. 7. The State Department of Education is authorized to receive gifts and donations for this work. All gifts and donations for crippled children's work shall be paid into the State Treasury and the same are hereby reappropriated for the

Honorable Lon Alsup, page 5

purposes of this Act. The Treasurer of the State of Texas shall pay out all money and funds provided for this Act upon proper warrant issued by the Comptroller of the State of Texas drawn upon vouchers approved by the State Department of Education and the Department of Education shall report annually to the Governor amounts received and expended and work accomplished.

"Sec. 8. The Vocational Rehabilitation Division of the State Department of Education is empowered and directed to take all action necessary to accomplish the purposes provided or implied by this Act, and to cooperate with public agencies, state, county and local, and with private agencies and individuals interested in the welfare of crippled children. The Vocational Rehabilitation Division, through the State Department of Education is further empowered and directed to work in co-operation with all acts relating to rehabilitation of crippled persons now in effect or enacted in the future." (Emphasis ours)

It is not evident from merely reading the quoted portions of the above article whether the supervision of the physical restoration service for crippled children is under the State Board of Vocational Education or the State Department of Education. We say this because the Act refers to such service being created in the Rehabilitation Division, which bears resemblance to the Vocational Rehabilitation Division of the State Board of Vocational Education. Yet, the Act does not speak of this division as being a part of the State Board of Vocational Education, but rather of the State Department of Education. We find further language in the Act it is "the discretion of the State Department of Education" to provide for transportation, appliances, braces, and material necessary in the proper handling of crippled children. We further find that the Department of Education prescribes the rules and regulations as to the care and treatment of those children whose parents are able to pay for such services. We further notice that the State Department of Education is authorized to appoint a special supervisor to carry out the provisions of this Act under the direction of the State Supervisor of Vocational Rehabilitation, and

Honorable Lon Alsup, page 6

that such department is authorized to make such rules, regulations and policies necessary to carryout the provisions of this Act.

In other words, it is not definite as to whom the Legislature intended to supervise this Act. This Act has been on the statute books since 1933 and there have been no judicial opinions written on this question. It is always proper and is persuasive to consider the departmental construction placed upon an Act in the absence of any judicial decisions thereon.

We have been advised that it has been the practice and construction of the Department of Education that they supervise the administration of the crippled children. They do all the hiring, firing, and approval of payrolls and the State Department of Vocational Education has nothing whatsoever to do with the administration. This is done even though the Director of the Vocational Rehabilitation Division of the Department of Vocational Education is the director of the Crippled Children Division. This is required under Section 5 of Article 2675j. However, this is merely an added duty to his office. This construction is followed in the appropriation bill.

Therefore, we hold that the administration of Crippled Children Division is under the State Department of Education. This is a separate entity of government from the State Board of Vocational Education and as a consequence thereof, we are of the opinion that the Vocational Rehabilitation Division is a distinct division of government from the Crippled Children Division.

We call your attention, however, to the fact that it is an added duty to the office of the Supervisor of the Vocational Rehabilitation Division to be Director of the Crippled Children and that this duty cannot be divorced without an Act of the Legislature.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Robt. O. Koch

Robt. O. Koch
Assistant

ROK:db

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN